IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| SHARNIECE SUTTON, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| HM SOWEGA RESTAURANT, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Sharniece Sutton ("Plaintiff") by and through undersigned counsel, and files this Complaint for Damages against Defendant HM SOWEGA Restaurant, LLC ("Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its agent for service, Registered Agent Dynamics, LLC, at 3725 Vineville Avenue, Suite D, Macon, GA 31204.

6.

At all relevant times, Defendant had fifteen or more employees for the requisite duration under Title VII of the Civil Rights Act of 1964 and the Pregnant Workers Fairness Act.

## ADMINISTRATIVE PREREQUISITES

7.

Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) within 180 of the adverse actions described below alleging discrimination on the basis of her sex and pregnancy and retaliation.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue" on that Charge.

## FACTS

9.

Plaintiff began working for Defendant in February 2021 for its Valdosta, Georgia, Store.

10.

On or about November 3, 2024, Plaintiff took leave to give birth and recover from that birth.

11.

Plaintiff gave birth on November 4, 2025.

12.

Plaintiff was supposed to return to work on January 6. 2025, but that date continued to be pushed back by Defendant's Owner, Gary Harris.

13.

On or about January 3, 2025, Harris asked Plaintiff if she still planned to work the same amount of hours she had worked before.

14.

In response, Plaintiff told him that she was planning to do so.

15.

Later, Plaintiff realized that Harris had asked her this question because he did not believe that she would continue to work the same hours after having her child.

16.

Finally, Plaintiff and Harris met on January 13, 2025.

17.

However, when they met, Harris told Plaintiff that while she had been on leave, money had gone missing and insinuated that Plaintiff had been behind it.

18.

Upon information and belief, Assistant Manager Myra Simmons, after being initially informed that Defendant was investigating stolen money during Plaintiff's leave, never returned to work after learning of the investigation.

19.

Simmons was the person for handling money deposits while Plaintiff was out on leave.

20.

In response to Harris's insinuations, Plaintiff told him that she had no idea what he was talking about, reminded them that she had not worked at Defendant for some months, and told him that he knew she had just been in the hospital.

21.

In response, Harris suddenly told Plaintiff that he needed someone to treat the restaurant "like it was their baby."

22.

Harris meant that because Plaintiff had just had a baby, she would not treat the restaurant like it was her baby.

23.

Plaintiff asked Harris what he was talking about because she was always at the location working except for when she was on leave to spend time with her children.

24.

While employed by Defendant, Plaintiff typically worked seven days a week, including sometimes working double shifts during those seven days, and even worked off the clock to help with labor costs.

25.

Harris responded to Plaintiff by telling her that she had had child care issues before, again meaning that because Plaintiff had just had a baby, she would have childcare issues.

26.

The only time Plaintiff had ever had “childcare issues” while working for Defendant was a singular time in or about March 2022 when Harris had asked her to change her normal shift end time from 3:00 P.M. to 5:00 P.M.

27.

As a result of Harris asking her to do that, Plaintiff almost immediately put her child back into public school to accommodate that schedule and began working that shift.

28.

This situation had occurred shortly after Plaintiff had given birth to her second child.

29.

Plaintiff reminded Harris that that was what he was referring to by recounting what had happened, and Harris said nothing in response, so Plaintiff told Harris that the only time she had ever had an issue doing anything at the job was because she had been pregnant and could not perform certain cleaning tasks, but that she had always shown up to work and done whatever she could physically do.

30.

Tellingly, Harris then responded something along the lines of "well yeah, you've been pregnant twice for one hundred and something days."

31.

Plaintiff responded by asking Harris what her pregnancies had to do with anything, and Harris just told Plaintiff that she had brought it up.

32.

Plaintiff then asked Harris to clarify to her what he was talking about, and Harris refused to respond, and instead terminated Plaintiff without giving her a reason.

33.

Later, Defendant represented to the Department of Labor that Plaintiff was terminated for stealing time and theft.

34.

Defendant terminated Plaintiff because of pregnancy and her sex, including the fact she was a woman that had recently given birth, because she took pregnancy related leave, and because she had been pregnant.

35.

Defendant treated individuals who were not women that had recently given birth or had children and individuals who had not taken pregnancy related leave more favorably than Plaintiff.

## COUNTS I AND II: DISCRIMINATION ON THE BASIS OF SEX AND PREGNANCY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.

Plaintiff re-alleges paragraphs 8-35 as if set forth fully herein.

37.

Defendant terminated Plaintiff because of her pregnancy and sex, including the fact she was a woman that had recently given birth, because she took pregnancy related leave, and because she had been pregnant, which constitutes unlawful discrimination on the basis of gender and pregnancy in violation of Title VII of the

38.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including lost wages and emotional distress.

39.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

40.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

41.

Plaintiff re-alleges paragraphs 8-35 as if set forth fully herein.

42.

Plaintiff engaged in protected activity under Title VII when she took pregnancy related leave after giving birth to her child.

43.

Defendant terminated Plaintiff and because of her protected activity, which constitutes unlawful intentional retaliation in violation of Title VII.

44.

As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including lost wages and emotional distress.

45.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

46.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

**COUNT IV: RETALIATION IN VIOLATION OF THE PRENGANT WORKERS FAIRNESS ACT**

47.

Plaintiff re-alleges paragraphs 8-35 as if set forth fully herein.

48.

Plaintiff was a qualified employee under the Pregnant Workers Fairness Act.

49.

Plaintiff requested and took pregnancy-related leave as accommodation, which was protected activity under the Pregnant Workers Fairness Act.

50.

Defendant terminated Plaintiff because she had asked for and taken leave protected by the Pregnant Workers Fairness Act, which is a violation of the Pregnant Workers Fairness Act.

51.

As a direct and proximate result of Defendant's violations of The Pregnant Workers Fairness Act, Plaintiff has suffered damages, including lost wages and emotional distress.

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

53.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C) Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E) Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F) Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G) Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H) Award Plaintiff such further and additional relief as may be just and appropriate.

This 20th day of June, 2025.

*<u>/s/ Patrick Reid</u>*
Patrick Reid
Georgia Bar No. 888769
V. Severin Roberts
Georgia Bar No. 940504
The Workers' Firm
(404)-382-9660
severin@theworkersfirm.com
patrick@theworkersfirm.com

*Counsel for Plaintiff*