**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **SHARNIECE SUTTON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO: 7:25-cv-85–WLS** |
| **HM SOWEGA RESTAURANT, LLC,** | : | |
| **Defendant.** | : | |

**ORDER**

Before the Court is the Parties' Joint Motion for Settlement Approval (Doc. 25) ("Motion"). Upon thorough review of the proposed settlement, and for the reasons discussed below, the Court's consideration and final determination of the Parties' Motion is withheld pending the Parties' supplementation pursuant to this Order.

## I. BACKGROUND

On July 3, 2025, Plaintiff filed a Complaint for Damages (Doc. 1) against Defendant asserting the following claims: Counts I and II: Discrimination on the basis of sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964; Count III: Retaliation in violation of Title VII of the Civil Rights Act of 1964; and Count IV: Retaliation in violation of the Pregnant Workers Fairness Act. On March 16, 2026, Plaintiff filed the operative Amended Complaint for Damages (Doc. 19) adding Count V: Violation of the Overtime Wage Requirement of the Fair Labor Standards Act ("FLSA").

On August 7, 2026, the Parties filed the Motion along with a proposed "Confidential Settlement Agreement and Release Agreement" (Doc. 25-1) ("Settlement Agreement") and stated that a stipulation of dismissal with prejudice would be filed upon the Court's approval of the Settlement Agreement.

## II. DISCUSSION

### A. Fair and Reasonable Settlement

Before approving a FLSA settlement, the Court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Judicial review is required because the FLSA's purpose is to protect employees from substandard wages and oppressive working hours and to prohibit the contracting away of their rights. *Id.* at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether a compromise of alleged FLSA violations is fair, a court should consider whether the employee was advised by counsel, whether the negotiations were fair and at arm's length, and whether the agreement appears to be a reasonable compromise and fair to the employee. *See id.*

The Court must also review the non-monetary provisions of the Parties' agreement. District courts are allowed discretion in making determinations regarding the reasonableness of non-monetary provisions in FLSA settlement agreements. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (per curiam) (refusing to impose a categorical rule barring district courts from denying FLSA settlements as "unreasonable based on non-monetary terms"); *see also*, *Coker v. Turner Cnty. Bd. of Comm'rs*, No. 1:17-CV-119, 2019 WL 13301633, at *3–4 (M.D. Ga. Nov. 22, 2019) (denying approval of FLSA settlement agreement because of improper confidentiality and non-denigration clauses); *Webb v. CVS Caremark Corp.*, 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (denying approval of proposed FLSA settlement based on unreasonable confidentiality and pervasive release provisions). Thus, the Court must also conduct an independent review of the Settlement Agreement's non-monetary provisions.

### B. Settlement Amount

Here, both Parties were represented by counsel throughout the negotiation of the Settlement Agreement (Doc. 25 ¶ 7). Counsel for the Parties represents that the settlement was an arms-length compromise via mediation with a skilled employment mediator and there was no collusion with regard to the settlement. (*Id.* ¶ 12). The Parties agree that Plaintiff's

claims under the FLSA are still in dispute (*Id.* ¶ 6). Specifically, "Plaintiff contends that she is owed unpaid overtime hours from Defendant. Defendant disputes liability and damages for these claims and denies that Plaintiff worked the hours she claims to have worked." (*Id.* ¶ 6). Plaintiff contends her maximum unpaid overtime claim would be $6,630. (*Id.* ¶ 3). The Parties are resolving this action without making any admissions to avoid the costs and time of litigation as well as the risks associated with continued litigation. (*Id.*) Thus, the agreement reached by the Parties represents a compromise of Plaintiff's disputed claims. (*Id.*) Accordingly, Plaintiff has agreed to release her claims against Defendant with prejudice in exchange for Defendant's payment of $5,000 to Plaintiff on her FLSA overtime claim. (Doc. 25 ¶ 8; Doc. 25-1 ¶¶ 1(a), (b)). The agreement also provides $3,000 to Plaintiff's counsel for fees on Plaintiff's FLSA claim. (Doc. 25 ¶ 8; Doc. 25-1 ¶ 1(c)). The Parties state that Plaintiff's counsel has incurred over $8,900 in fees on Plaintiff's FLSA claim. (Doc. 25 ¶ 8). Plaintiff agrees that this is a fair and reasonable compromise. (Doc. 25 ¶ 14 ("Under these circumstances, the Parties respectfully submit that their settlement is fair and reasonable and should be approved.").

Considering the existence of a bona fide dispute, Plaintiff's satisfaction with the proposed Settlement Agreement, and the fact that both Parties were represented by experienced counsel, the Court finds the settlement amount to be a fair and reasonable compromise of Plaintiff's claims.

**C. Release Provision**

Courts generally will not approve agreements containing broad, "pervasive releases" of claims and causes of action in exchange for settlement of a plaintiff's FLSA claims alone. *Nichols v. Dollar Tree Stores, Inc.*, No. 13-CV-88, 2013 WL 5933991, at *3 (M.D. Ga. Nov. 1, 2013) (holding that such "pervasive releases" are "inherently unfair"). Indeed, "a pervasive release in a FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Courts, however, routinely approve pervasive releases in FLSA cases "when the Plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA." *Fusic v. King Plastic Corp.*, No. 17-CV-390, 2018 WL 7364567, at *3 (M.D. Fla. Mar. 19, 2018) (collecting cases); *Parker v. Encore Rehab., Inc.*, 2012 WL 6680311, at *6 (S.D.

Ala. Dec. 21, 2012) (noting that a plaintiff's release of non-FLSA claims may be "fair and permissible" if the claims are brought in the current action).

Here, in addition to her FLSA claim, Plaintiff asserts claims against Defendant for Discrimination on the basis of sex and pregnancy and retaliation in violation of Title VII of the Civil Rights Act of 1964 and retaliation in violation of the Pregnant Workers Fairness Act. The terms of the Settlement Agreement are inconsistent as to whether only Plaintiff's FLSA claims are to be dismissed per the Settlement Agreement or whether all of Plaintiff's claims are to be dismissed. For instance, paragraph 1(d) provides that "[t]he parties will dismiss the *FSLA* claims, within five (5) days of receipt of the settlement payments." (Doc. 25-1 at 2 (emphasis added)). However, paragraph 4 provides that the Parties

> shall seek judicial approval of the Agreement and dismissal *with prejudice* of **all of Plaintiff's claims against Defendant**. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement **and dismissal of this lawsuit**. **The failure to secure the dismissal of the Litigation** *with prejudice*, for whatever reason, will nullify Plaintiff's right to the Settlement Payment.

(Doc. 25-1 ¶ 4 (bold emphasis added); *see also* Doc. 25 ¶ 9 (stating that "[s]hould the Court approve the settlement agreement, the Parties also stipulate that this matter be dismissed with prejudice.")). Here, the Parties need to clarify whether only Plaintiff's FLSA claim is to be dismissed upon completion of the payments set out in paragraph 1 of the Settlement Agreement or whether the intent is that Plaintiff's entire cause of action is to be dismissed. In the event the intent is for Plaintiff's entire action to be dismissed, the Parties have failed to provide an argument as to why the Court should approve the dismissal (and in effect release) of all of Plaintiff's claims for payment of an amount representing settlement of only her FLSA claims.

**D. Confidentiality**

Although there are no specific provisions addressing confidentiality, the agreement is titled a "Confidential Settlement Agreement and Release Agreement."

> [Confidentiality] provisions are disfavored because they prevent the employee from alerting other workers to potential FLSA violations on pain of personal liability. Approving such a provision would effectively empower an employer to retaliate against an employee for exercising FLSA rights if he decides to advise other employees of FLSA violations. Accordingly, to uphold such provisions, the proponents must show compelling reasons.

*Coker v. Turner Cnty. Bd. of Comm'rs*, No. 1:17-CV-119, 2019 WL 13301633, at *3 (M.D. Ga. Nov. 22, 2019). The Parties need to clarify whether there are any confidentiality agreements with respect to the Settlement Agreement; and if so, provide the Court with a copy of such agreements and an argument as to why the Court should approve the settlement with such provisions.

**E. Attorney's Fees**

The Court's analysis does not end with a review of the settlement amount and the Settlement Agreement's non-monetary provisions. The Court must also evaluate the award of attorney's fees to Plaintiff's counsel. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The reasonableness of an award of attorney's fees may be demonstrated by the Parties showing either (1) that the parties agreed to the award separately and without regard to the amount paid to settle Plaintiff's FLSA claim, or (2) that the fees are reasonable using the lodestar method. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). When attorney's fees are not negotiated separately, "the reasonableness of the settlement cannot be approved on its face but must be carefully scrutinized using the lodestar approach." *Cohen v. Goodyear Tire & Rubber Co.*, No. 09-CV-496, 2009 WL 3790292, at *3 (M.D. Fla. Nov. 9, 2009). Thus, the Court is charged with ensuring that the amount of attorney's fees is fair and reasonable under the circumstances presented here.

Furthermore, Plaintiff's consent to a fee agreement does not relieve the Court of the duty to review the award of attorney's fees for reasonableness. *See Reams v. Michael Angelo Rest., Inc.,* No. 19-CV-53, 2019 WL 6898656 (M.D. Ga. Dec. 18, 2019) (reviewing the reasonableness of proposed attorney's fees in FLSA settlement agreement despite the existence of a contingency fee agreement between plaintiff and plaintiff's counsel); *see also Silva*, 307 F. App'x at 351 (noting that "[the] FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.").

Here, under the proposed Settlement Agreement, Counsel is to receive $3,000 in attorney's fees or 60 percent of the settlement amount paid to Plaintiff. Counsel represents

that to date he has incurred over $8,900 in fees on Plaintiff's FLSA claim using rates in line with rates awarded by this Court in other FLSA cases. However, it is not clear from the time records provided by counsel that the time entries relate only to Plaintiff's FLSA claim because the time records include entries regarding discovery, interrogatories, motion to stay, and other general subject matters. Plaintiff's counsel needs to clarify this matter for the Court's further review.

The Settlement Agreement also provides that other than the $3000 attorney fee provided to Plaintiff's counsel, "neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party." (Doc. 25-1 at 2). Plaintiff's counsel needs to clarify whether he will seek further fees from Plaintiff with respect to her FLSA claim that may have the effect of reducing her settlement payment.

## III. MISCELLANEOUS

Finally, the Court notes that there appears to be a typographical error in paragraph 7. The second sentence of which provides that "the persons and entities referred to in Paragraph No. 5 above, but not a Party, are third-party beneficiaries of this Agreement." (Doc. 25-1 ¶ 7). No third parties are mentioned in paragraph 5.

## IV. CONCLUSION

Accordingly, prior to the Court making a determination on the Parties' Settlement Agreement, the Parties must supplement their filings pursuant to the Court's findings and comments noted above. The Parties **SHALL** file a joint supplemental brief showing why the Court should approve the Settlement Agreement (Doc. 25-1) as written, or otherwise, file an amended proposed Settlement Agreement. The supplements are required for the Court's review and consideration of the proposed settlement. The aforementioned supplements **must be filed within twenty-one (21) days** of the entry of this Order or on or before **Tuesday, September 1, 2026.**

**SO ORDERED**, this 11th day of August 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**